## UNITED STATES DISTRICT COURT
### District of Maine

| | | |
|---|---|---|
| BETTY HILTON, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. |
| | ) | |
| vs. | ) | |
| | ) | |
| PENTAGROUP FINANCIAL, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, Betty Hilton, by and through her attorneys, and for Plaintiff's Complaint against Defendant, Pentagroup Financial, LLC, alleges and affirmatively states as follows:

### I. INTRODUCTION

1.  Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### II. JURISDICTION AND VENUE

2.  Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3.  Because Defendant conducts business in the state of Maine, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

### III. PARTIES

5. Plaintiff is a natural person who resides in Buxton, York County, Maine and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3)

6. Defendant is a company engaged in the business of collecting debts with its principal place of business located at 5959 Corporate Drive, Suite 1400, Houston, Texas.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

### IV. FACTUAL ALLEGATIONS

10. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment of an alleged debt for a HSBC consumer credit card since June, 2010.

11. Defendant calls Plaintiff several times a week.

12. Defendant calls Plaintiff at 207-780-5259.

13. Defendant calls Plaintiff from 832-615-2101.

14.     Plaintiff paid part of her debt in June, 2010 and had also been making monthly payments of $150 dollars to Defendant until December, 2010.

15.     After the agreed upon payments were made, Defendant's representative Ms. Parker demanded that Plaintiff pay the remaining balance. Plaintiff could not afford to pay the full balance as she was not able to get a loan and offered to continue making monthly payments. Defendant refused to take any more payments from Plaintiff and informed Plaintiff that she'd better hire an attorney.

16.     Defendant threatened to file a lawsuit against Plaintiff. To date, no lawsuit has been filed.

17.     Defendant threatened to garnish Plaintiff's wages.

## V. CLAIM FOR RELIEF

18.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff.

b) Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

c) Defendant violated §1692e of the FDCPA with using false and deceptive means in connection with the collection of a debt.

d) Defendant violated §1692e(4) of the FDCPA by threatening Plaintiff that non-payment of the debt would result in wage garnishment.

e) Defendant violated §1692e(5) of the FDCPA by threatening to file a lawsuit against Plaintiff when Defendant has not and does not intend to take such action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

19. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

20. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

21. Any other relief that this court deems to be just and proper.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Betty Hilton hereby demands trial by jury in this action.

RESPECTFULLY SUBMITTED,

LAW OFFICE OF DOUGLAS J. JENNINGS *in assoc. with* KROHN & MOSS, LTD.

DATED:  March 7, 2011

By: /s/Douglas F. Jennings.
   Douglas F. Jennings, Esq.
   Bar #  3544
   One Weston Court, Suite 103B
   Augusta, ME 04330
   dfjlaw@live.com
   Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF MAINE)

Plaintiff, BETTY HILTON, says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, BETTY HILTON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 7 MAR 2011

_Betty J Hilton_
BETTY HILTON,
Plaintiff